# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

PAMELA TEAL, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 2:09-CV-0187-RWS
CITY OF DAHLONEGA, *et al.*, :
:
    Defendants. :

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation ("R&R") [85] of Magistrate Judge Susan S. Cole. Each of the parties has filed Objections [86 and 87] to the R&R, which Objections have been fully briefed. After reviewing the R&R, it is received with approval and, with the limited exceptions stated hereafter, adopted as the opinion and order of this Court. Accordingly, the Court will limit its discussion to the objections raised by the parties.

In the R&R, Judge Cole recommends that summary judgment be granted as to all claims against Defendant Lewis and as to all claims against the City of Dahlonega (the "City") except the discriminatory termination claims pursuant to Title VII and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff objects to the recommendation that summary judgment be granted as to Plaintiff's wage discrimination claims under the Equal Pay Act, Title VII, and the Equal Protection Clause. The City objects to the recommendation that summary judgment be denied as to the discriminatory termination claims.

**Wage Discrimination Claims**

After assuming that Plaintiff could establish a *prima facie* case under the Equal Pay Act ("EPA"), the R&R concluded that Defendants offered sufficient evidence that the pay differential between Plaintiff and Stacy Jarrard, the alleged comparator, was based on a factor other than sex. R&R at 46-47. Specifically, the R& R concluded "that a reasonable jury could find from this evidence that the pay differential between Plaintiff and Jarrard was based on "a factor other than sex." R&R at 47.

Plaintiff, based on this statement in the R&R, asserts that an incorrect legal standard was applied in the R&R regarding the City's affirmative defense to Plaintiff's EPA claim. Plaintiff argues that the burden upon a defendant asserting an affirmative defense to an EPA claim is to show that no reasonable jury could find for Plaintiff on that issue. Plaintiff also asserts that factual issues were impermissibly resolved in the City's favor.

2

When a defendant employer asserts an affirmative defense to an EPA claim, "[t]he employer bears the burden of proof for these affirmative defenses. The burden is a heavy one, because the defendant must show that the factor sex provided *no basis* for the wage differential." Irby v. Bittick, 44 F.3d 949, 954 (11th Cir. 1995) (internal citations and quotations omitted).

Though the R&R may have misstated the standard, the Court finds that the same conclusion is reached when the proper standard is applied. In deciding this issue, the primary factual dispute is what portion of Jarrard's work was attributed to building inspections. Plaintiff asserts that this issue was impermissibly resolved in favor of the Defendants in the R&R. Defendants' evidence on the issue was Jarrard's testimony that he spent 75 percent of his time doing building inspections. Plaintiff challenged this evidence in her declaration stating that "Jarrard spent much more of his time working on code enforcement matters than he did performing building inspections." Pl.'s Dec. [62-4] at ¶ 6.

Plaintiff's evidence was discounted in the R&R as conclusory. However, the Court finds that the evidence is entitled to consideration. Admittedly, Plaintiff offers no support for her assertion beyond her declaration that she

3

knew this information "because [Jarrard] and I worked so closely together throughout my employment." Id. However, Defendant offers no support for the contrary statement by Jarrard other than his deposition testimony. Neither party has submitted records from the office that would more objectively establish the workload of the two employees. With the exceptions of building inspections by Jarrard and regulation of vehicles for hire, horse-drawn carriages, and alcoholic beverage licensees by Plaintiff, the employees shared all of the code enforcement responsibilities for the City. Under these circumstances, it is reasonable to conclude that each had knowledge of the workload of the other. Therefore, the Court concludes that Plaintiff's declaration creates a factual issue regarding the percentage of Jarrard's work that was devoted to building inspections. In a summary judgment analysis, this fact should be construed in favor of Plaintiff, the nonmovant.

If the Court assumes that Jarrard spent "much more of his time working on code enforcement matters than he did performing building inspections," summary judgment for Defendants on the EPA claim is still appropriate. The evidence is uncontradicted that Jarrard was hired to replace the City's previous building inspector who had left the City's employment. The evidence is

4

uncontradicted that Jarrard was hired to perform building inspections in addition to his code enforcement responsibilities. The evidence is uncontradicted that Jarrard performed all building inspections for the City, however many that may have been. The evidence is uncontradicted that Jarrard had experience in the building industry. Even considering sexist comments attributed to Lewis, the Court concludes that the evidence considered in its entirety provides no basis for concluding that the wage differential between Plaintiff and Jarrard was based on sex. Therefore, the Court approves the recommendation to grant Defendants' Motion for Summary Judgment as to these claims.

**<u>Discriminatory Termination</u>**

Defendants sought summary judgment as to Plaintiff's discriminatory termination claim based on their assertion that the City had a legitimate non-discriminatory reason for the termination. After finding that Defendants had "met their 'exceedingly light' burden of articulating a legitimate, non-discriminatory reason for terminating Plaintiff," Judge Cole found that the evidence produced by Plaintiff to show pretext was sufficient to create "genuine issues of material fact on whether Defendants were 'more likely than not'

5

motivated by discriminatory animus toward Plaintiff because of her sex, rather than by the reasons articulated by Defendants." R&R at 30-31. The City objects to this conclusion in the Report and Recommendation on the following grounds: (1) Plaintiff failed to present sufficient evidence to demonstrate that the City's proffered reasons for Plaintiff's termination are pretextual, (2) the decision in Staub v. Proctor Hosp., 131 S. Ct. 1186 (2011) was improperly applied to the facts of this case, and (3) summary judgment on Plaintiff's sex discrimination claim under 42 U.S.C § 1983 should have been granted based on the recognition that Defendant Lewis was motivated by lawful considerations when he recommended Plaintiff's termination.

In support of the first ground of its Objection, the City asserts that the only evidence relied upon to create an issue of fact was two statements reportedly made by Defendant Lewis. The Court finds that the conclusion is supported by additional evidence in the record. Specifically, Lewis' threat to have a witness arrested and pull his business license if he refused to provide a statement that targeted Plaintiff and his participation in the investigation into Plaintiff's on-the-job conduct, as well as the statements attributed to Lewis, support the conclusion reached in the R&R. Therefore, the Court concludes

6

that Plaintiff did offer sufficient evidence to create a genuine issue of material fact as to whether Lewis was motivated by discriminatory animus based on Plaintiff's sex when he took action leading to her termination.

The City asserts that the decision in Staub is not applicable to this case. In Staub, the Supreme Court held "that if a supervisor performs an act motivated by [] animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable." Staub, 131 S. Ct. at 1194 (footnote omitted). The Court explained:

> Animus and responsibility for the adverse action can both be attributed to the earlier agent (here, Staub's supervisors) if the adverse action is the intended consequence of that agent's discriminatory conduct. So long as the agent intends, for discriminatory reasons, that the adverse action occur, he has the scienter required to be liable under USERRA. And it is axiomatic under tort law that the exercise of judgment by the decisionmaker does not prevent the earlier agent's action (and hence the earlier agent's discriminatory animus) from being the proximate cause of the harm.

Id. at 1192.

The Court also held that an independent investigation by an employer does not necessarily immunize the employer from liability. "[I]f the employer's investigation results in an adverse action for reasons unrelated to the

7

supervisor's original biased action. . ., then the employer will not be liable." Id. at 1193. However, "the supervisor's biased report may remain a causal factor if the independent investigation takes it into account without determining that the adverse action was, apart from the supervisor's recommendation, entirely justified." Id.

The Court agrees with the conclusion in the R&R that the analysis in Staub is "instructive" in the present case. R&R at 56. Plaintiff has set out in her Response Brief (Pl's Resp. Br.[92] at 8-9) facts from which a jury could conclude that Lewis influenced the investigator's report. Moreover, evidence that Lewis threatened a witness interviewed as a part of the report further supports the conclusion reached in the R&R.

The City asserts that Staub was also inappropriately applied to the Section 1983 claim in violation of the holding in Monell v. Dept. of Soc. Servs, 436 U.S. 658 (1992), which holds that Section 1983 liability cannot be based on a theory of *respondeat superior*. The Court finds that there are issues of fact as to "cat's paw" liability sufficient to avoid summary judgment on this issue.

Finally, the City asserts that because Lewis was motivated, at least in part, by lawful considerations, Plaintiff's sex discrimination claim under

8

Section 1983 is barred.  However, the Court concludes that the City's mixed-motive defense is not a bar to the Section 1983 claim because the evidence does not establish that Lewis would have taken the same action in the absence of a discriminatory animus.

Based on the foregoing, the Report and Recommendation [85], except where noted herein, is received with approval and adopted as the Opinion and Order of this Court.  Accordingly, Defendant's Motion for Summary Judgment [56] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is granted as to all claims against Defendant Lewis and as to all claims against the City except the claims for discriminatory termination pursuant to Title VII and the Equal Protection Clause.

The parties shall submit a proposed consolidated pretrial order within thirty (30) days of the entry of this Order.

**SO ORDERED**, this __12th__ day of January, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)